IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,792-01 AND WR-77,792-02






EX PARTE THOMAS REID JONES, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 994237 AND 994236 IN THE 147TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty pursuant to
a plea agreement to one charge of indecency with a child by contact, and one charge of sexual assault
of a child. He was sentenced to two twenty-year sentences, cumulated. He did not appeal his
convictions.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate and discover mitigating evidence. Applicant alleges that had counsel properly
investigated and advised him of the option of presenting evidence and witnesses in a punishment
trial, he would not have pleaded guilty in exchange for the maximum sentence in these two cases.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether counsel failed
to adequately investigate and advise Applicant about the possibility of having a punishment trial. 
The trial court shall make findings and conclusions as to whether Applicant's plea was knowingly
and voluntarily entered. The trial court shall also make findings of fact and conclusions of law as
to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 5, 2012

Do not publish